UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CLIFTON C. WILLIAMS IV | Plaintiff |
| v. | Civil Action No. 3:19-cv-764-RGJ |
| KELLY JOYCE GANDOLF *et al.* | Defendants |

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Clifton C. Williams IV initiated this *pro se* civil action. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss this action.

**I.**

Plaintiff completed a general complaint form to initiate this action. As Defendants, he names "Kelly Joyce (Gandolf)," the "Dept. of Homeland Def.," and the Louisville Metro Police. On the complaint form, Plaintiff indicates that the Court's jurisdiction is based upon both federal question and diversity of citizenship. He states that the basis for federal-question jurisdiction is "when a series of violations had accrued during an operation in which involved a person with disabilities." Plaintiff indicates that the basis for diversity jurisdiction is that he is a citizen of "Kentucky/New York" and is incorporated under the laws of "Kentucky/New York." He states that the amount in controversy is "a perclaimed 25 million (USD) due to the specific other violations as well." In the "Statement of Claims" section of the complaint form, Plaintiff writes, "The defendant #1 (Kelly Joyce Gandolf) used a series of pre-determinded events to cause of chain reaction effect that in the end concluded with several false accusations and other life threatening harm." In the "Relief" section of the complaint, Plaintiff writes, "Residual Medical damages, fake

and improper incarceration, public harassment violation of 4 amendment rights direct violation of Hippa and ADA law in ethical treatment circa Roman law (International Law)." The complaint contains no other information.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review this action under 28 U.S.C. § 1915(e). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (indicating that an action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible"). Here, the complaint contains no discernible facts upon which a valid federal claim may rest. Therefore, dismissal on the basis of frivolousness is appropriate. *See Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958-59 (6th Cir. 2004).

In addition, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). The complaint also fails to meet this basic pleading standard. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

**III.**

For these reasons, the Court will enter a separate Order dismissing this action.

Date: October 29, 2019

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Jefferson County Attorney
A961.011